UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-743** |
| **MANDY YOUNGBLOOD et al.** | **SECTION: "G"(3)** |

# ORDER

*Pro se* Plaintiff Landry Dixon ("Plaintiff") filed a "Libelous Per Se Complaint" ("Complaint") in the United States District Court in the Eastern District of Louisiana against Mandy Youngblood, Carly Gibbs-Talley, Kimberly VerSteegh, Mark J. Chaney III, and Stephen W. Rider (collectively, "Defendants").[1] Pending before the Court is Defendants' "Rule 12(b)(6) motion to dismiss."[2] Considering the motion, the opposition, the applicable law, and the record, the Court denies the motion as moot.

Upon review of the Complaint filed by Plaintiff in this action, it came to the Court's attention that the Court may not have subject matter jurisdiction over the instant case.[3] Although no party raised the issue, "[f]ederal courts are duty-bound to examine the basis of subject matter

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 6.

[3] Rec. Doc. 15.

1

jurisdiction *sua sponte*."⁴ Accordingly, the Court issued an Order granting Plaintiff leave to amend the Complaint to clarify the basis for the Court's jurisdiction.⁵

On October 27, 2020, Plaintiff filed an amended complaint.⁶ In the Amended Complaint, Plaintiff claims that Defendants committed "egregious violations of a number of state and federal statutes, codes, laws and regulations."⁷ Specifically, Plaintiff claims that Defendants violated Louisiana law, Texas law, and the federal obstruction of justice statutes, Title 18, United States Code, Sections 1501 to 1517.⁸

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.⁹ Many district courts—including this Court—routinely deny as moot any motion to dismiss that is filed prior to an amendment of a complaint.¹⁰ Although courts

---

⁴ *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

⁵ Rec. Doc. 15.

⁶ Rec. Doc. 16. Although Plaintiff's amended complaint was designated as a motion for leave to amend, the Court granted Plaintiff leave to amend in the October 19, 2020 Order. Rec. Doc. 15. In addition, Plaintiff asserted in the motion that "this first Amended Complaint . . . alleges an extensively expansive pattern of [] State and Federal misconduct . . . ." Rec. Doc. 16.

⁷ *Id.* at 2.

⁸ *Id.*

⁹ 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

¹⁰ *See Athletic Training Innovations, LLC v. eTagz, inc.*, No. 12-2540, 2013 WL 360570, at *3 (E.D. La. 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

may address the merits of a motion to dismiss after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[11]

Defendants contend that Plaintiff failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[12] In the Amended Complaint, Plaintiff alleges new claims unaddressed in the pending motion to dismiss. Therefore, the Court concludes that applying the pending motion to dismiss to the Amended Complaint would cause confusion and detract from the efficient resolution of the issues. Accordingly,

**IT IS HEREBY ORDERED** that the "Rule 12(b)(6) Motion to Dismiss" filed by Defendants Mandy Youngblood, Carla Gibbs-Talley, Kimberly VerSteegh, Mark J. Chaney, III, and Stephen W. Rider[13] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this __26th__ day of February, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[11] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[12] Rec. Doc. 6.

[13] *Id.*