UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-743** |
| **MANDY YOUNGBLOOD et al.** | **SECTION: "G"** |

## ORDER AND REASONS

In this litigation, pro se Plaintiff Landry Dixon ("Plaintiff") asserts libel claims under Texas and Louisiana state law against Defendants Mandy Youngblood ("Youngblood"), Carly Gibbs-Talley ("Gibbs-Talley"), Kimberly VerSteegh ("VerSteegh"), Mark J. Chaney III ("Chaney"), and Stephen W. Rider ("Rider") (collectively, "Defendants").[1] Pending before the Court is "Defendants' Second Rule 12(b)(6) Motion to Dismiss."[2] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On March 2, 2020, Plaintiff filed a "Libelous Per Se Complaint" (the "Complaint") in this Court.[3] In the Complaint, Plaintiff asserts libel claims under Texas and Louisiana state law against Defendants.[4] Specifically, Plaintiff alleges that the affidavits submitted by Defendant Mandy

---

[1] Rec. Doc. 1 at 2–3. As discussed more below, Plaintiff also asserts obstruction of justice claims under federal criminal law, defamation claims under Louisiana criminal law, and violations of the "Louisiana Communications Decency Act." *Id.*

[2] Rec. Doc. 25.

[3] Rec. Doc. 1.

[4] *Id.* at 2–3.

Youngblood in support of a motion for summary judgment in a prior case, 17-cv-4492, *Landry Dixon v. General Motors Financial Corporation et al.* ("*Dixon I*"), contained "false and untrue statements."[5]

In *Dixon I*, Plaintiff filed a complaint in this Court against GM Financial and several GM Financial employees arising from GM Financial's repossession of a leased car.[6] Plaintiff alleged that he never defaulted on the lease.[7] GM Financial filed a motion for summary judgment in *Dixon I* supported by the Youngblood affidavits.[8] This Court granted summary judgment for GM Financial and entered a judgment in favor of the defendants in *Dixon I*.[9] Plaintiff thereafter filed four duplicative requests for reconsideration, arguing that Defendants presented "fictional defense exhibits" including the Youngblood affidavits.[10] The Court denied all requests for reconsideration, and the Fifth Circuit affirmed.[11]

Plaintiff then filed the instant case in this Court alleging that the Youngblood affidavits contained false and defamatory content, specifically, that Plaintiff had issued a non-sufficient funds check to pay for his leased vehcile.[12] Defendants filed a motion to dismiss.[13] Upon review

---

[5] *Id. See also Dixon v. Gen. Motors Fin. Corp.*, Case No. 17-4492, Rec. Docs. 43-3; 52-1 (Youngblood affidavits).

[6] *Dixon v. Gen. Motors Fin. Corp.*, Case No. 17-4492, Rec. Doc. 1.

[7] *Id.*

[8] *Dixon v. Gen. Motors Fin. Corp.*, Case No. 17-4492, Rec. Doc. 43.

[9] *Dixon v. Gen. Motors Fin. Corp.*, Case No. 17-4492, Rec. Docs. 61, 76.

[10] *Dixon v. Gen. Motors Fin. Corp.*, Case No. 17-4492, Rec. Docs. 63, 67, 72, 77.

[11] *Dixon v. Gen. Motors Fin. Corp.*, Case No. 17-4492, Rec. Doc. 84.

[12] Rec. Doc. 1.

[13] Rec. Doc. 6.

of the Complaint, it came to the Court's attention that the Court may not have subject matter jurisdiction over the case.[14] Accordingly, the Court issued an Order granting Plaintiff leave to amend the Complaint to clarify the basis for the Court's jurisdiction.[15] On October 27, 2020, Plaintiff filed an Amended Complaint alleging that Defendants committed "egregious violations of a number of state and federal statutes, codes, laws and regulations."[16] Specifically, Plaintiff claims that Defendants violated Louisiana law, Texas law, and the federal obstruction of justice statutes, 18 U.S.C. §§ 1501–17.[17]

On February 26, 2021, the Court denied as moot Defendants' first motion to dismiss, finding that the Amended Complaint presented new claims unaddressed in the first motion to dismiss.[18] On March 9, 2021, Defendants filed the instant second motion to dismiss.[19] Defendants noticed the motion for submission on March 24, 2021.[20] Pursuant to Local Rule 7.5, any opposition was due on March 16, 2021.[21] On March 24, 2021, Plaintiff filed an untimely opposition.[22]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Second Motion to Dismiss*

In the Amended Complaint, Plaintiff asserts five claims: (1) defamation under Louisiana

---

[14] Rec. Doc. 15.

[15] *Id.*

[16] Rec. Doc. 16 at 2.

[17] *Id.*

[18] Rec. Doc. 23.

[19] Rec. Doc. 25.

[20] Rec. Doc. 25-5.

[21] EDLA Local Rule 7.5.

[22] Rec. Doc. 30.

Civil Code article 2315; (2) defamation under Texas Civil Practice and Remedies Code, section 73.001; (3) a violation of the "Louisiana Communication Decency Act, to wit, civil code # 230 (sic);" (4) a violation of Louisiana Revised Statute, title 14, section 47 ("La. R.S. 14:47"); and (5) a violation of the federal obstruction of justice statutes, 18 U.S.C. § 1501 *et seq.*[23] In the instant motion, Defendants argue each of these claims should be dismissed.[24]

### 1. Defamation Claims Under Louisiana and Texas State Law

First, Defendants argue Plaintiff's state law defamation claims against Youngblood should be dismissed on the basis of collateral estoppel.[25] Defendants argue that "a choice-of-law analysis may not be necessary to dispose of [Plaintiff]'s claims, because the basic elements of a defamation claim under Texas and Louisiana law are similar."[26] Defendants assert that, "[u]nder Texas and Louisiana law, falsity is an essential element of a defamation claim."[27] Defendants aver that in *Dixon I*, "the Court found there was no issue of material fact" as to the veracity of the Youngblood affidavits.[28] Defendants contend that Plaintiff is "barred from re-litigating" the veracity of the Youngblood affidavits, because this Court's final judgment in *Dixon I* already determined that issue.[29] Therefore, Defendants assert this claim must be dismissed.

Moreover, Defendants assert that Plaintiff's defamation claims against Youngblood must

---

[23] *See* Rec. Doc. 22 at 2; Rec. Doc. 25-1 at 6.

[24] Rec. Doc. 25.

[25] Rec. Doc. 25-1 at 6.

[26] *Id.* at 7.

[27] *Id.*

[28] *Id.* at 12; *see also* Rec. Doc. 25-2 at 17 (Exhibit 1).

[29] Rec. Doc. 25-1 at 7.

be dismissed on the basis of absolute privilege.[30] Defendants aver that "Texas affords absolute privilege to all publications and statements made by any person . . . during the course of a judicial proceeding, so long as the statement bears some relation to the proceeding." [31] Similarly, Defendants submit that "Louisiana provides absolute privilege to statements by non-litigant witnesses in judicial proceedings."[32] Defendants argue that under either standard, "Youngblood's affidavit testimony is absolutely privileged."

Additionally, Defendants argue that Plaintiff's claims against Defendants Gibbs-Talley and VerSteegh, should be dismissed on the same grounds. Defendants assert that "Gibbs-Talley and VerSteegh are Texas notaries who notarized the Youngblood affidavits."[33] Thus, Defendants argue that, to the extent the Court finds that notarizations constitute "statements," those statements would be protected under either Texas or Louisiana's absolute privilege standard.[34] Finally, Defendants assert that Defendants Rider and Chaney are likewise protected by absolute privilege under Texas law.[35] Defendants assert that "Rider and Chaney are Louisiana attorneys" whose only actions were in connection with *Dixon I*.[36]

Alternatively, Defendants argue that Plaintiff fails to state a claim for defamation against Gibbs-Talley, VerSteegh, Rider, or Chaney. Plaintiff's claims against notaries Gibbs-Talley and

---

[30] *Id.*

[31] *Id.* at 8 (citing *Wilkinson v. USAA Fed. Sav. Bank Tr. Servs.*, 2014 WL 3002400, at *6 (Tex. App. July 1, 2014)).

[32] *Id.* (citing *Zuber v. Buie*, 2002-1718, p. 3 (La. App. 1 Cir. 5/9/03); 849 So. 2d 559, 561).

[33] *Id.*

[34] *Id.*

[35] *Id.* at 9.

[36] *Id.*

VerSteegh should be dismissed, according to Defendants, because Plaintiff "has never alleged that Gibbs-Talley or VerSteegh made statements of any kind regarding [Plaintiff]."[37] Accordingly, Defendants assert that Plaintiff has "fail[ed] to satisfy the most basic pleading threshold for a defamation claim."[38] Similarly, Defendants assert that Plaintiff fails to state a claim against attorneys Rider and Chaney because the Amended Complaint "does not allege that either Rider or Chaney made any statement, written or otherwise, that was defamatory as part of *Dixon I*."[39] Moreover, Defendants argue that Louisiana law imposes a heightened pleading standard for defamation claims against attorneys, requiring a plaintiff to specifically plead facts demonstrating malice or an intent to cause harm.[40] Defendants assert that the Amended Complaint does not specifically allege that Rider or Chaney made any statements with malice or intent to cause harm, and thus does not satisfy the heightened pleading standard.[41]

### 2. Claims Under the "Louisiana Communication Decency Act"

Defendants argue that Plaintiff's claims under the "Louisiana Communication Decency Act" should be dismissed because no such act exists.[42] Defendants claim that the Amended Complaint cites to "civil code #340 (sic)."[43] Defendants assert that article 340 of the Louisiana Civil Code "concerns the prescriptive period for a minor's action against a tutor."[44] Thus,

---

[37] *Id.* at 8.

[38] *Id.*

[39] *Id.* at 17.

[40] *Id.* (citing *Rogers v. Ash Grove Cement Co.*, 34,934 (La. App. 2 Cir. 11/2/01); 799 So. 2d 841, 845).

[41] *Id.* at 9.

[42] *Id.* at 18.

[43] *Id.* The Amended Complaint cites to article "230," not "340." *See* Rec. Doc. 22 at 2.

[44] Rec. Doc. 25-1 at 18. Although this is a correct statement of the content of article 340 of the Louisiana

Defendants argue this claim should be dismissed.[45]

### 3. Claims Under Louisiana Revised Statute § 14:47

Defendants assert that Plaintiff's claims under La. R.S. 14:47 should be dismissed because the statute does not provide for a private right of action. Defendants argue that this statute appears in title 14, which is the criminal code of the Louisiana Revised Statues.[46] Defendants contend that criminal statutes may be prosecuted only by a district attorney.[47] Accordingly, Defendants submit these claims must be dismissed.[48]

### 4. Obstruction of Justice Claims Under Federal Criminal Statutes

Similarly, Defendants argue Plaintiff's obstruction of justice claims must be dismissed because the statutes Plaintiff cites do not provide a private right of action.[49] Defendants assert that the Amended Complaint adds claims for obstruction of justice pursuant to "USC (sic) Title 18, Section 1501 to 1517."[50] Defendants note that these statutes are codified in the criminal code, which does not provide for a private right of action unless explicitly provided for in the statute.[51] According to Defendants, the only statute that Plaintiff cites that provides for a private right of action—Section 1514A—applies to "whistleblower employees of publicly traded companies."[52]

---

Civil Code, the Amended Complaint references article 240. *See* La. Civ. Code art. 340; Rec. Doc. 22 at 2.

[45] *Id.*

[46] *Id.*

[47] *Id.* (citing La. R.S. § 14:4).

[48] *Id.* at 18–19.

[49] *Id.* at 19.

[50] *Id. See also* Rec. Doc. 22 at 2.

[51] Rec. Doc. 25-1 at 19.

[52] *Id.*

Accordingly, Defendants urge the Court to dismiss these claims.[53]

### B. *Plaintiff's Arguments in Opposition to the Second Motion to Dismiss*

In opposition, Plaintiff reiterates his claims against the Defendants.[54] Plaintiff states that after his first lawsuit was dismissed, he filed this action to redress the December 1, 2016 repossession of a vehicle he leased.[55] Plaintiff re-asserts that the two affidavits submitted by Youngblood in *Dixon I* contained "fictional" information.[56] Plaintiff alleges that Youngblood was motivated by racial animus and that she "made all of this up."[57] Plaintiff argues that notaries Gibbs-Talley and Ver Steegh defamed him by notarizing the Youngblood affidavit and "affirm[ing] . . . a set of non-existent facts."[58] Plaintiff asserts that attorneys Chaney and Rider "were aiding and abetting" his "malefactors" by "providing legal representation" to Youngblood.[59] Plaintiff alleges that the two missing payments that led to the repossession of his leased vehicle were "money order payments" and not checks.[60] Plaintiff asserts that Youngblood misidentified the payment as a non-sufficient funds check and "falsely recorded [the May payment] as a 'never-received' payment."[61] Thus, Plaintiff argues these two payments "became the phony bases" for

---

[53] *Id.* at 19–22.

[54] On March 24, 2021, Plaintiff submitted a document titled "Libelous Per Se Complaint." Rec. Doc. 30. The Court construes this document as Plaintiff's opposition to the instant motion to dismiss.

[55] *Id.* at 1–2.

[56] *Id.* at 2.

[57] *Id.* at 2–3.

[58] *Id.* at 3–4 (emphasis omitted).

[59] *Id.* at 4.

[60] *Id.* at 5.

[61] *Id.*

the repossession of his leased vehicle.[62]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[63] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[64] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[65]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[66] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[67] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[68]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[69] "[L]egal conclusions can provide the framework of a complaint, [but] they

---

[62] *Id.*

[63] Fed. R. Civ. P. 12(b)(6).

[64] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[65] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[66] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[67] *Iqbal*, 556 U.S. at 678.

[68] *Id.*

[69] *Id.* at 677–78.

must be supported by factual allegations."[70] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[71] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[72]

A court considering a motion to dismiss "must limit itself to the contents of the pleadings, including attachments thereto."[73] Attachments to a motion to dismiss are, however, "considered part of the pleadings" if "they are referred to in the plaintiff's complaint and are central to her claim."[74] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[75] In addition, a court may consider matters of which judicial notice may be taken.[76]

### IV. Analysis

Defendants seek dismissal of all of Plaintiff's claims. The Court addresses each claim in turn.

*A.    Plaintiff's Defamation Claims Under Texas and Louisiana Law*

Plaintiff asserts defamation claims against Defendants under both Texas and Louisiana

---

[70] *Id.* at 679.

[71] *Id.* at 678.

[72] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[73] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[74] *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (internal quotation marks omitted).

[75] *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013) (quoting *Collins*, 224 F.3d at 498–99).

[76] *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

law.[77] Defendants argue these claims should be dismissed because they are barred by collateral estoppel, protected by absolute privilege, or, alternatively, because Plaintiff fails to state a claim against Defendants. The Court pretermits the collateral estoppel analysis because Defendants' remaining arguments are decisive.

Texas and Louisiana each afford an absolute privilege to certain statements made in judicial proceedings. Texas law provides that statements made "in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made."[78] This privilege "extends to any statement made by the judge, jurors, counsel, parties, or witnesses, and attaches to all aspects of the proceedings, including statements made in . . . affidavits."[79] An absolute privilege likewise exists under Louisiana law, providing "absolute immunity from civil liability for testimony given by a non-party witness in a judicial proceeding, so long as that testimony is pertinent and material to the issue."[80]

Here, the Court finds that statements made by Youngblood, Gibbs-Talley, and VerSteegh are privileged under both Texas and Louisiana law. Texas's expansive absolute privilege plainly applies to Youngblood's affidavit and to any statements made by notaries Gibbs-Talley and VerSteegh[81] because all are statements made "in the due course of a judicial proceeding" which

---

[77] Rec. Doc. 22 at 2.

[78] *James v. Brown*, 637 S.W. 2d 914, 916 (Tex. 1982) (citing *Reagan v. Guardian Life Ins. Co.*, 166 S.W. 2d 909, 912 (Tex. 1942)).

[79] *Id. See also Reagan*, 166 S.W. 2d at 913.

[80] *Marrogi v. Howard*, 2001-1106, p. 11 (La. 1/15/02); 805 So. 2d 1118, 1126 (citing *Oakes v. Walther*, 154 So. 26, 27 (La. 1934)).

[81] The Court assumes, without deciding, that notarizing the Youngblood affidavit constituted a "statement" by notaries Gibbs-Talley and VerSteegh. If so, those statements are clearly protected under Texas's absolute privilege for judicial proceedings. Alternatively, if notaries Gibbs-Talley and VerSteegh did not make "statements" by notarizing the Youngblood affidavit, then Plaintiff has failed to state a claim against them and those claims should be dismissed. *See In re Lipsky*, 460 S.W. 3d 579, 593 (Tex. 2015) ("Defamation's elements include (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree

cannot "serve as the basis of a civil action for [defamation], regardless of the negligence or malice with which they are made."[82] Louisiana law yields a similar result. Youngblood is a non-party to *Dixon I* who provided pertinent and material testimony in a judicial proceeding. Assuming without deciding that Gibbs-Talley and VerSteegh made "statements" by notarizing the Youngblood affidavit, those statements also were made by non-parties in a judicial proceeding. Accordingly, all three are protected by Louisiana's absolute immunity.[83]

Under Texas law, any statements made by attorneys Rider and Chaney are likewise absolutely privileged. While Louisiana law does not extend an absolute privilege to attorneys in judicial proceedings,[84] Plaintiff's defamation claims fail for a different reason—Plaintiff fails to state a claim against attorneys Rider and Chaney. Under Louisiana law, the privilege extended to attorneys in a judicial proceedings "is a qualified one."[85] "[I]n order for the privilege to apply, the statement must be material and must be made with probable cause and without malice."[86] Thus, Louisiana law imposes a heightened pleading standard, "requir[ing] the plaintiff to allege facts in his petition that show malice or an intent to cause direct harm to the plaintiff."[87]

---

of fault, and (4) damages, in some cases.").

[82] *James*, 637 S.W. 2d at 916 (citing *Reagan*, 166 S.W. 2d at 912).

[83] Similarly, if Gibbs-Talley and VerSteegh did not make "statements," then Plaintiff has failed to state a claim for defamation against them. *See Cangelosi v. Schwegmann Bros. Giant Super Mkts.*, 390 So. 2d 196, 198 (La. 1980) ("To maintain an action in defamation, the following elements must be shown: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury.").

[84] *Freeman v. Cooper*, 414 So. 2d 355, 359 (La. 1982) ("The defense of qualified privilege presents a more difficult problem. In other jurisdictions, a defamatory statement by an attorney in a judicial proceeding is absolutely privileged, if the statement has some relation to the proceeding. In Louisiana, however, the privilege is a qualified one, and in order for the privilege to apply, the statement must be material and must be made with probable cause and without malice." (internal citations omitted)).

[85] *Id.*

[86] *Id.* (citing *Waldo v. Morrison*, 58 So. 2d 210, 211 (La. 1952)).

[87] *Eschete v. Hildebrand*, 06-18, p. 5 (La. App. 5 Cir. 4/25/06); 930 So. 2d 196, 199 (citing *Rogers v. Ash Grove Cement Co.*, 34,934, p. 6 (La. App. 2 Cir. 11/2/01); 799 So. 2d 841, 845). *See also Alexander v. Blue Williams,*

Here, Plaintiff does not satisfy this heightened pleading standard with respect to his claims against Rider and Chaney. The Amended Complaint makes no allegations about Rider. His name appears only in the caption of the Amended Complaint.[88] As to Chaney, the Amended Complaint alleges that Chaney filed the Youngblood affidavit into the record in *Dixon I*.[89] The Amended Complaint further alleges that Plaintiff repeatedly informed Chaney that Plaintiff had submitted his two payments, but Plaintiff concedes he never produced any evidence to support his alleged payments.[90] These allegations fall well short of Louisiana's requirement that Plaintiff allege facts demonstrating malice or intent to harm.

Accordingly, the Court finds Plaintiff has failed to state a defamation claim against any Defendant.[91]

### B.    *Plaintiff's Claims Under Louisiana Revised Statute § 14:47*

Next, Plaintiff asserts claims under La. R.S. 14:47.[92] Defendants argue these claims should be dismissed because the statute does not provide for a private right of action.[93] Title 14 of the Louisiana Revised Statutes comprises the Criminal Code. Article 47, which was repealed effective August 1, 2021, pertained to criminal defamation.[94] Only the district attorney has the power to

---

*LLP*, 18-776, p. 4 (La. App. 4 Cir. 1/23/19); 2019 WL 302078, at *7.

[88] *See* Rec. Doc. 22 at 1.

[89] *See id.* at 3–5.

[90] *See id.* at 3–4.

[91] Given the Court finds that Defendants are protected by absolute privilege and that Plaintiff fails to state a claim against them, the Court need not address Defendants' collateral estoppel arguments.

[92] Rec. Doc. 22 at 2.

[93] Rec. Doc. 25-1 at 18–19.

[94] La. R.S. § 14:47. *See also* Act 60, 2021 Reg. Sess. (La. 2021) (repealing La. R.S. § 14:47).

prosecute criminal offenses.[95] Accordingly, Plaintiff's claims under La. R.S. 14:47 must be dismissed.

### C. Plaintiff's Claims Under Federal Obstruction of Justice Statutes

Plaintiff also asserts claims under "Title 18, Sections 1501 to 1517" of the United States Code.[96] Defendants argue these claims must be dismissed because these statutes do not provide for a private right of action.[97] The federal obstruction of justice statutes do not provide for a private cause of action.[98] Therefore, Plaintiff's claims under these statutes must be dismissed.

### D. Plaintiff's Claims Under the "Louisiana Communication Decency Act"

Finally, Plaintiff asserts claims under the "Louisiana Communication Decency Act."[99] Defendants argue these claims should be dismissed because no such law exists.[100] The Court cannot locate any such law. The Amended Complaint references "civil code # 230," however, Louisiana Civil Code article 230 concerns parental power to alienate property of the child.[101] Given the Court is unable to locate any legal authority for Plaintiff's claims, those claims must be dismissed.

---

[95] *See* La. Code Crim. Proc. art. 61.

[96] Rec. Doc. 22 at 2.

[97] Rec. Doc. 25-1 at 19–22.

[98] *See Zastrow v. Hous. Auto Imps. Greenway Ltd.*, 789 F.3d 553, 560 n.3 (5th Cir. 2015) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *accord Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)).

[99] Rec. Doc. 22 at 2.

[100] Rec. Doc. 25-1 at 18.

[101] *See* La. Civ. Code art. 230. Plaintiff's reference to "230" may be a reference to the federal Communications Decency Act, Title V of the Telecommunications Act of 1996. *See* Pub. L. No. 104-104, 110 Stat. 133, *codified at* 47 U.S.C. § 223 *et seq.* However, Section 230 is inapposite here because it applies to Internet service providers and to speech made on the Internet. 47 U.S.C. § 230(c).

## V. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim under Texas or Louisiana defamation law. Additionally, the Court finds that Plaintiff cannot state a claim under La. R.S. 14:47 or the federal obstruction of justice statutes because those statutes do not provide for a private right of action. Finally, Plaintiff cannot state a claim under the Louisiana Communications Decency Act because no such law exists. Accordingly,

**IT IS HEREBY ORDERED** that "Defendants' Second Rule 12(b)(6) Motion to Dismiss"[102] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __23rd__ day of September, 2021.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[102] Rec. Doc. 25.